OPINION ON REHEARING



FILED

Dec 09 2016, 8:59 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David J. Karnes
Michael G. Foley
Dennis, Wenger & Abrell P.C.
Muncie, Indiana

ATTORNEY FOR APPELLEE

Gregory K. Blanford
The Blanford Law Office
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Meridian Health Services Corporation, <br><br> *Appellant-Intervenor,* <br><br> v. <br><br> Thomas Martin Bell, <br><br> *Appellee-Respondent.* | December 9, 2016 <br><br> Court of Appeals Case No. 71A04-1511-DR-2005 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jenny Pitts Manier, Judge <br><br> Trial Court Cause No. 71D05-1002-DR-94 |

**Robb, Judge.**

[1] In *Meridian Health Servs. Corp. v. Bell*, 61 N.E.3d 348 (Ind. Ct. App. 2016), we affirmed the trial court's imposition of sanctions on a mental health provider for failing to appear at a deposition and refusing to release a child's mental health records to her non-custodial parent. Meridian Health Services Corporation ("Meridian") seeks rehearing of our decision. We grant rehearing to address

one of the grounds raised by Meridian in its petition for rehearing, but reaffirm our original decision in all respects.

[2] To reiterate the facts as briefly as possible, when Thomas Bell ("Father") and Angela Bell ("Mother") were divorced in 2011, they agreed to share joint legal custody of their only child, with Mother having primary physical custody. At some point prior to 2014, Mother began taking the child to Meridian for therapy. In March 2015, Father contacted Meridian requesting his child's therapy records. Meridian informed Father it would first need a signed medical release, but prior to receiving the release, sought and received from the child's physician a letter stating that it was medically necessary that the records not be released. Based on this letter, even after receiving in May the signed medical release form it had requested from Father, Meridian refused to release the therapy records without a court order issued pursuant to Indiana Code chapter 16-39-3. Around this same time, a hearing was set regarding a parenting time dispute between the parents. In preparation for that July hearing, Father served a notice of deposition on the child's therapist and a subpoena duces tecum to produce her complete file. Three days before the scheduled deposition, Meridian filed a motion to quash and motion for protective order, asserting it was prohibited by state and federal law from disclosing the requested information without a court order. The trial court did not rule on the motions before the July deposition, and the therapist did not appear. Father then filed a motion for rule to show cause against the therapist and the trial court set a hearing on all pending motions. The child's physician and therapist both

testified at the September hearing, following which the trial court denied Meridian's motions, finding Meridian was not required or entitled to withhold the records from Father. In addition, the trial court noted that even if the therapist determined she could not testify at a subsequent deposition, she should appear, state her objection, and turn over the subpoenaed records. The trial court did not rule on Father's motion for rule to show cause.

[3] Thereafter, Meridian filed a motion to correct error and Father filed a petition for attorney's fees. Father also served a second deposition notice and subpoena duces tecum on the therapist for an October 2 deposition. Meridian then filed a motion to stay the proceedings until the trial court ruled on its motion to correct error and requested an emergency hearing because the second deposition was imminent. The trial court was unable to hold a hearing before the second deposition and the therapist again did not appear. Rather, on the date scheduled for the deposition, Meridian tendered the therapy records to the trial court and moved to seal the records until resolution of all pending motions and any potential appeals. The trial court held another hearing about the records, after which it stated it would make the records available for in camera review by the parties' attorneys. After Meridian unsuccessfully sought to certify the trial court's order denying its motion to quash and motion for protective order, the trial court held a hearing to address all remaining motions, including Father's motions for rule to show cause and his petition for attorney fees. The trial court issued an order dated October 30, 2015, concluding Meridian is "in contempt of

Court for failure to comply with the subpoena duces tecum and failure to appear at the deposition." Corrected Appellant's Appendix at 19.

[4] Focusing on that sentence of the trial court's order, Meridian contends our decision seems to affirm the sanction based upon a "misunderstanding or misreading of the trial court's order." Corrected Appellant's Petition for Rehearing at 11. In our opinion, we stated,

> the trial court ordered sanctions only after it held a hearing at which Meridian offered evidence in support of withholding the records from Father . . ., it ruled against Meridian's motion to quash and motion for protective order, and yet Meridian continued to balk at releasing the records. Meridian filed a barrage of motions and defied the trial court's order that K.B.'s therapist appear at any scheduled deposition, make a record of her inability to testify, and turn over the subpoenaed records, instead tendering the records directly to the trial court under seal on the date of a scheduled deposition.

61 N.E.3d at 360. Meridian asserts that even though the timing of the trial court's order was "after Meridian exhausted all known avenues to protect their patient's records short of this appeal," the sanction was "based solely upon Meridian's actions . . . to refrain from releasing its client's protected health information pursuant to [Father's] initial subpoena duces tecum and notice of deposition." Petition for Reh'g at 12.

[5] We acknowledge the quoted sentence of the trial court's order refers specifically to the failure to comply with "the" subpoena duces tecum and failure to appear at "the" deposition. We also note that Father served *two* subpoenas and notices

of deposition on the therapist, both of which she ignored and the second of which was served *after* the trial court issued an order stating the therapist should appear at any further deposition and make a record of her objections to testifying. That notwithstanding, we also note the trial court's order elaborates on the history of the case beyond simply the therapist's failure to comply with the July notice of deposition and subpoena duces tecum. Father filed a motion for rule to show cause in July (after the missed deposition) and a petition for attorney's fees in September (after the hearing on whether Meridian had to turn over the records). Yet, the trial court did not enter the sanctions order until the end of October. This was six months after Father first requested the records and several weeks after the trial court ruled he was entitled to them. It was also after Meridian made multiple attempts to call the trial court's ruling into question but failed to come forward with any additional evidence beyond that presented originally justifying its continued defiance of the trial court's order. In other words, although the trial court's order was looking back to the initial failure to appear at a deposition and produce the records, it did so because of Meridian's conduct in failing to produce anything over the long course of litigating this issue that would have justified its failure to show up and comply with the subpoena in the first place.

[6] It is clear from the entire record of the proceedings that the trial court's decision to impose sanctions against Meridian only after the records had finally been released to the parties was based on the sum total of Meridian's actions throughout this litigation and not just on the original failure to comply with a

subpoena and appear for a deposition. We did not misread or misunderstand the substance of the trial court's order, and we therefore reaffirm our original decision that the trial court did not abuse its discretion in ordering Meridian pay Father's attorney fees incurred in obtaining his child's therapy records.

Najam, J., and Crone, J., concur.